UNITED STATE FEDERAL COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO._____

\* \* \* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
PETER J. MAINI, Plaintiff             :
v.
                                      ;
TOWN ON OF NORTON
PATROLMAN JOSHUA E. ARCHER            :    COMPLAINT
PATROLMAN SEAN P. MA HONEY
PATROLMAN JOHN P. WORREL, Defendants  :
\* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

This is an action at law to redress the deprivation of rights under color of law, statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to the plaintiff by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles XII and XIV of the Massachusetts Declaration of Rights; and the use of excessive force in officiating the arrest and/or detention of the plaintiff, Peter Maini, causing him severe personal injuries, permanent injuries , mental anguish, and emotional distress; as well as state claims for assault and battery, intentional infliction of emotional distress all as against the named individual police officers of the Town of Norton, on or about May 4, 2019. in their official and individual capacities.

This is also an action against the Town of Norton, where it has over a period of years, allowed its police officers to routinely and as a matter of practice, use excessive force during the arrest and/or detention of its citizens. That by so allowing this practice the Town of Norton has been grossly negligent and/or deliberately indifferent in its training and failure to discipline its police officers, causing great and repeated harm to its citizens.

1

During at all times mentioned, plaintiff was and is a citizen of the United States and resident in the Town of Norton, State of Massachusetts and now resides in the Town of Attleboro, in the State of Massachusetts.

At all times mentioned herein, the defendants Joshua Archer, Sean P Mahoney and John P. Worrel individually and as police officers were employed by said Town of Norton, Massachusetts and were acting under color of their official capacity. Their actions herein were performed under the color of these statutes and ordinances of the Town of Norton, Massachusetts. They are each and all sued in their dindividual and official capacities.

The defendants being the servants and agents of their co-defendant Town of Mansfield, so that their acts are imputed to the Town of Norton.

The claims against the Town of Norton, defendant Chief of Police, Brian M. Clark, and its Police Department arise from the failure to the Town of Norton and Chief of Police, defendant Brian M. Clark, acting for himself and for and in behalf of the Town of Norton to have an adequate program and/or policy in effect, at all times material, to adequately train, supervise and discipline its officers, thereby giving them a message and/or direction as police officers that such conduct would be tolerated, over- looked or ignored.

PARTIES

1. Plaintiff, Peter J. Maini, at all times relevant, is an adult individual, currently residing at 28 Greenwich Street, Attleboro, Massachusetts and is a citizen and resident of the United States and of the Commonwealth of Massachusetts, who is entitled to the protections of the United States Constitution and the Massachusetts Declaration of Rights and/or the Massachusetts statutes.

2. Defendant Town of Norton, is a municipal corporation, located at 70 East Main Street in said | Town of Norton MA.

3. Town of Norton is an entity having ultimate authority, responsibility, and control of and for the oversight, decisions affecting and funding the Norton Police Department that includes authorization of and for its force of sworn police offices Town of Norton and is responsible for the training and use of force, policy and procedures, decisions and customs by members of the Norton Police Department acting under their authority and color of-law. Furthermore, As such, the Town of Norton is ultimately responsible for all local policies, procedures, decisions and customs employed by its law enforcement officials, supervisors and officers, including the ultimate responsibility for the proper hiring of all of its sworn police officers acting under their authority and color of law.

4. That as a direct and proximate result of the gross negligence and deliberate indifference of the Town of Norton, the plaintiff Peter Maini, suffered severe and permanent physical injuries , mental aguish, mental and emotional distress.

5. Defendants maybe served with process by lawfully affecting the same as authorized by law and the applicable rules of this court. Defendant Patrolman Joshua A. Archer, herein, is one of the Norton Police Officers alleged to have recklessly and willfully assaulted recklessly abused the plaintiff at his Norton home and residence, he and the other named Norton Police officers herein are each and all being sued is sued in their respective individual and official capacities, in connection with the damages and injuries re jointly and severally liable for the injuries to the plaintiff, all as stated herein, which they proximately caused to the plaintiff, who was then located at his prior residence at 15 Norton Glen Road, Apartment 17, in said Town of Norton.

## STATEMENT OF FACTS

8. On Saturday, May 4, 2019, Kentucky Derby day, plaintiff Peter J. Main, then of the Town of Norton, Massachusetts, who was almost 70 years of age and had long-standing and chronic rheumatoid

3

arthritis and hepatitis C medical issues and complications—for which plaintiff was under medical care and treatment, returned to his first floor home unit, in Norton.

9. It was somewhere between 4:00 and 4:30 P.M. that afternoon and plaintiff's wife was still at work.

10. At or about that time, a next-door tenant's three young children, who were again constantly "out of control," whereby she would constantly scream and yell at her children, to the annoyance and disturbance of the plaintiff and other residents, using vulgar language. As a result, plaintiff next spoke to one of her children, and said, "I'm not going to up with this bad behavior this summer," As a result of this type of continuing and disturbing conduct, the plaintiff, in the past, had to call management, on a number of times, about such disruption and disturbances.

11. A short time later, plaintiff noticed one or more of the defendant Norton police officers walk by his first floor unit door and the plaintiff then went to his residential doorway.

12. Next, one or more of the defendant police officers came to plaintiff's residence and asked of the plaintiff: "Are you Peter Maini? To which the plaintiff responded" yes."

13. Next, for no apparent reasons, one or more of the named defendant Norton Police officers

14. grabbed plaintiff by his arm.

15. As a result of such action by the then unknown Norton police officers, plaintiff asked "Why am I being arrested?

16. One or more of the named defendant police office defendants responded" we are putting you in protective custody."

17. In response, plaintiff said: " If I'm not being Arrested, then 'Leave me alone," or words to that effect.

18. At all times material, plaintiff offered no resistance.

19. Suddenly, without warning and/or no lawful reason, one of the two Norton police officers, who

4

had suddenly grabbed plaintiff by his arm, started leading plaintiff to a Norton Police Cruiser, which was located and/or parked outside of the plaintiff's first floor residence.

20. At or about that time, another then unknown Norton police cruiser pulled up and parking in the same area.

21. During this time, while plaintiff was being led out of his residence, plaintiff said: "I don't want to go without proof."

22. At that time, and all times material, there was no warrant for plaintiff's arrest or for his being placed in custody; nor did any of the defendant officers have any arrest warrant,

23. Defendants simply told the plaintiff that he was being placed in protective custody.

24. At that point, one or more of the Norton police defendants suddenly and/or acting in concert grabbed plaintiff by the seat of his pants and put and placed the plaintiff in handcuffs.

25. At this time, plaintiff was about six feet from his driveway and his parked auto, when suddenly, the three named defendant Norton Police Officers, while acting in concert and in total disregard of plaintiffs rights to be free from assault, and excessive use of force, began getting "rough" and harmful to him, they assaulted him, for no valid reason, and began using excessive and needless force, using plaintiff's auto, as a deadly weapon, and/or with reckless and untoward force, caused and/or forced the plaintiff to be placed face down on the hood of his auto, all the while plaintiff was being lifted up from the ground, handcuffed, and represented no threat to the defendant police officers.

26. At that time, as a result of defendant's joint, several and combined actions, plaintiff's face and his neck were forced to be positioned directly on his automobile's windshield. Telling and/or attempting to tell the three Norton defendant Police Officers: " I'm under doctor's care," 'I have a doctor's letter."

27. Next, while he fact and neck was forcibly pressed and/or positioned against his auto's windshield,

plaintiff heard and/or felt his neck snap, all the while being was unable to move his arms, to protect his neck, his face and body.

28. While this was going on, plaintiff told the three defendant police officers: "your hurting me.

29. As a result of the defendant police officer's actions, in actin in concert and/or their joint several and/ or while acting in concert, the use of excessive, reckless, unreasonable and uncalled force and restraint, the plaintiff began to feel a lot of pressure, to his neck and face region and other parts of his body.

30. While this was going on, one of the defendant police defendants told him to "shut the "f" up." and defendants, acting jointly and in concert continued to have placed face down on the hood of his auto where he had just been completely lifted off the ground, by the defendants. Such act, by the defendants, jointly and severally and in concert were unreasonable, excessive and done with reckless misconduct and uncalled for abusive misconduct.

31. As a direct and proximate result of such assault, abuse and reckless misconduct by the named three members of the Norton Police Department, just outside of plaintiffs premises and his said residence at Norton, the three named defendant Norton Police Officers, herein, caused and/or resulted in plaintiff Peter Maini severe and disabling injuries, which later required plaintiff the initial need for two hospital admissions for rib and chest fractures and other injuries at Sturdy Memorial Hospital in Attleboro, MA, and transfer from Sturdy Memorial Hospital to the Rhode Island Hospital and, for physical therapy, and later physical therapy and ultimately for an in-patient surgical admission at Beth Deaconess and Lahey Hospital (s) treatment centers.

31. As a further, direct and proximate cause of said joint and several actions by said Norton Police Officers also acting singly and in concert, plaintiff, Peter Maini, also developed a fracture nonunion with instability and changing canal alignment affecting his spinal cord, and the

need for hospital surgery, which hospital surgery ultimately resulted in implants and Globus ellipse posterior spinal implant.

32. In connection with said excessive and unreasonable force, taking place outside of the plaintiff's residence, plaintiffs each and all, without making any inquiry as to whether plaintiff was injured in any way, the three defendants next put and/or placed plaintiff in one of the Norton Police Cruisers and drove him to the Norton Police Station, all in total disregard of whether he was injured and/or in need of medical and/or hospital care, treatment and/or attention, to the detriment of plaintiff.

33. Next, the said defendants finally ''took plaintiff inside the police station before a Norton police sergeant, where they sat him down, did not ask him anything about injuries. Nor did sergeant ask him how he was. Was he injured? did he need medical help? or anything like that.

34. By doing so, each of the defendant Norton Police Officers, singly jointly and severally and acting in concert each and all used excessive and unreasonable force in placing defendant in restraint, and in handcuffs and/or placed in custody and untoward control, causing him severe and permanent physical injuries and in so doing violated plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the united States Constitution of the United States. and Articles XII and XIV of the Massachusetts Declaration of Rights.

COUNT I:   the Plaintiff Peter Maini's Cause of Action for Excessive Force Pursuant to 42 U.S.C. § 1983 Against the Town of Bellingham

35. Plaintiff Peter Maini repeats the allegations for Excessive Force as set forth paragraphs 1 through 33 herein.

35.   The Town of Norton has, over a period of years, allowed its police force to routinely and as a matter of practice, use excessive force during the arrest and/or taking into protective custody.  That by so allowing this practice to continue the Town of Norton has been grossly negligent and/or

deliberately indifferent in its/their failure to discipline its police officers, causing great and repeated harm to its citizens, such as the plaintiff, by the Town of Norton, plaintiff suffered severe and permanent, physical injuries, mental anguish and emotional distress.

36. That as a direct and proximate result of its gross negligence, willful and wanton and/ deliberate indifference in its training and failure to discipline its police officers causing great and repeated harm to its citizens.

37. That as a direct and proximate result of the gross negligence, willful and wanton and/ deliberate indifference of the Town of Norton plaintiff suffered severe and permanent, physical injuries, mental anguish, agony, and emotional distress.

38. That accordingly, the Town of Norton has violated the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the united States Constitution of the United States. and Articles XII and XIV of the Massachusetts Declaration of Right

WHEREFORE, plaintiff demands judgment against the Town of Norton in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees.

COUNT II: Plaintiff Peter Maini's Cause of Action Against Defendant Patrolman JOSHUA E. ARCHER for Assault and Battery

39  That plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 38 herein.

40. That on May 5, 2019, defendant Joshua E. Mahoney acting under color of law did use excessive force in arresting and/or taking the plaintiff in protective custody and did commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles XII and XIV of the Massachusetts Declaration of Rights.

41. That as a direct and proximate result of defendant's acts, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress. Wherefore, plaintiff Peter Maini demands judgment against Joshua E. Archer in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damage 1

COUNT III: The plaintiff Peter Maini's Cause of Action against the defendant Sean P Mahoney for Assault and Battery.

42. That plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 41 herein.

43. That on May 5, 2019, defendant Sean P. Mahoney acting under color of law did use excessive force in arresting and/or taking the plaintiff in protective custody and did commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles XII and XIV of the Massachusetts Declaration of Rights.

44. That as a direct and proximate result of defendant's acts, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress. Wherefore, plaintiff Peter Maini demands judgment against John P. Worrell in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

COUNT IV: The plaintiff Peter Maini's Cause of Action against the defendant   John P. Worrel Assault and Battery.

45  That plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 44 herein.

46. That on May 5, 2019, defendant Joshua E. Archer acting under color of law did use excessive force in arresting and/or taking the plaintiff in protective custody and did commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

United States, and Articles XII and XIV of the Massachusetts Declaration of Rights.

47. That as a direct and proximate result of defendant's acts, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.

Wherefore, plaintiff Peter Maini demands judgment against Joshua E. Archer in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages

COUNT V: Plaintiff Peter Maini's Cause of Action against defendant Joshua E. Archer for use of Excessive Force in Violation of his Civil Rights Pursuant to 42 U.S. C. § 1983.48.

48. Plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 47 herein.

49. That on May 5, 2019, defendant Joshua E. Archer acting under color of law did use excessive force in arresting and/or taking the plaintiff in protective custody and did commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles XII and XIV of the Massachusetts Declaration of Rights.

50. That as a direct and proximate result of defendant Joshua E. Archer's actions, acting jointly and/or severally and/or in concert with the other named defendants, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.

Wherefore, plaintiff Peter Maini demands judgment against Joshua E. Archer in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

COUNT VI: COUNT V Plaintiff Peter Maini's Cause of Action against defendant Sean P. Mahoney for use of Excessive Force in Violation of his Civil Rights Pursuant to 42 U.S. C. § 1983.

50. Plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 49 herein.

51. That on May 5, 2019, defendant Sean P. Mahoney acting under color of law as a direct and proximate result of defendant Sean P. Mahoney's actions, acting jointly and/or severally and/or in

concert with the other named defendants, caused plaintiff and severe and permanent physical injuries, pain and suffering mental anguish and emotional distress and/or did use excessive force in arresting and/or taking the plaintiff in protective custody and did commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles XII and XIV of the Massachusetts Declaration of Rights.

52.  That as a direct and proximate result of defendant Sean P. Mahoney's actions, acting jointly and/or severally and/or in concert with the other named defendants, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.
plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.
Wherefore, plaintiff Peter Maini demands judgment against Sean P. Mahony in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.
COUNT VII:  Plaintiff Peter Maini's Cause of Action against defendant John P. Worrel for use of Excessive Force in Violation of his Civil Rights Pursuant to 42 U.S. C. § 1983. COUNT V Plaintiff Peter Maini's Cause of Action against defendant Worrel for use of Excessive Force in Violation of his Civil Rights Pursuant to 42 U.S. C. § 1983.

53.  Plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 52. herein.

54.  That on May 5, 2019, defendant John P. Worrel acting under color of law as and as a direct and proximate result of defendant John P. Worrel's actions, acting jointly and/or severally and/or in concert with the other named defendants,  plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress did use excessive force in arresting and/or taking the plaintiff in protective custody and did commit assault and battery against him, and in so

doing using such excessive force violate the plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles XII and XIV of the Massachusetts Declaration of Rights.

55. That as a direct and proximate result of defendant's acts, hat as a direct and proximate result of defendant John P. Worrel's actions, acting jointly and/or severally and/or in concert with the other named defendants, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.

Wherefore, plaintiff Peter Maini demands judgment against defendant John P. Worrel in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

COUNT VIII; VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS COUNT AGAINST JOSHUA E. ARCHER

56. Plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 55 herein.

57. That on May 5, 2019, defendants Sean Mahoney, Joshua E. Archer and John P. Worrell, acting jointly and severally and/or under color of law have deprived the plaintiff of his rights, privileges and immunities secured by the Massachusetts Declaration of Rights in the Massachusetts Declaration of Rights in the Massachusetts Constitution.

58. As a direct and proximate result of such deprivation plaintiff Peter Manni has suffered financial loss, indignities humiliation, severe emotional distress, permanent injuries, negligent and/ or intentional infliction of emotional distress and mental anguish excessive force in their arresting and/or taking the plaintiff in protective custody and as a direct and proximate result of the said acts of defendant Joshua Archer, in his and acting jointly and/or severally and/or in concert with the other named defendants, caused the plaintiff to incur and sustain severe and permanent physical injuries,

pain and suffering mental anguish and emotional distress and the defendants did each commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights

59. That as a direct and proximate result of defendant's acts, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.

60. Plaintiff Peter Maini in fact suffered severe physical manifestations of mental and emotional distress as well as permanent bodily injuries and other damages as a result of the outrageous conduct of defendants Sean Mahoney, Joshua E. Archer and John P. Worrell, acting, singly. jointly and/or severally and in concert with each other.

Wherefore, plaintiff Peter Maini demands joint and several judgments against defendant JOSHUA E. ARCHER   in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

COUNT IX;  VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS COUNT AGAINST SEAN P. MAHONEY

56. Plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 55 herein.

57. That on May 5, 2019, defendants Sean Mahoney, Joshua E. Archer and John P. Worrell, acting singly, jointly and severally  and/or under color of law have deprived the plaintiff of his rights, privileges and immunities secured by the Massachusetts Declaration of Rights in the Massachusetts Declaration of Rights in the Massachusetts Constitution.

58. As a direct and proximate result of such deprivation plaintiff Peter Manni has suffered financial loss, indignities humiliation, severe emotional distress, permanent injuries, negligent and/ or intentional infliction of emotional distress and mental anguish excessive force in  their arresting and/or taking the plaintiff in protective custody and  as a direct and proximate result of the said acts of defendant Sean P. Mahoney , in his  acting singly an and/or severally and/or in concert with the other

named defendants, caused the plaintiff to incur and sustain severe and permanent physical injuries, pain and suffering mental anguish and emotional distress and the defendants did each commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights

59. That as a direct and proximate result of defendant's acts, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.

60. Plaintiff Peter Maini in fact suffered severe physical manifestations of mental and emotional distress as well as permanent bodily injuries and other damages as a result of the outrageous conduct of defendants Sean Mahoney, in his acting singly, jointly and severally and/or in concert with the other two named defendants.

Wherefore, plaintiff Peter Maini demands joint and several judgments against defendant Sean P. Mahoney in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

COUNT X;  VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS COUNT AGAINST JOHN P. WORREL

56. Plaintiff Peter Maini repeats the allegations set forth in paragraphs 1 through 55 herein.

57. That on May 5, 2019, defendants Sean Mahoney, Joshua E. Archer and John P. Worrell, acting singly, jointly and severally and/or in concert with the other named defendants and/or under color of law have deprived the plaintiff of his rights, privileges and immunities secured by the Massachusetts Declaration of Rights in the Massachusetts Declaration of Rights in the Massachusetts Constitution.

58. As a direct and proximate result of such deprivation plaintiff Peter Manni has suffered financial loss, indignities humiliation, severe emotional distress, permanent injuries, negligent and/ or intentional infliction of emotional distress and mental anguish excessive force in  their singly, jointly and/or severally  arresting and/or taking the plaintiff in protective custody and  as a direct and

14

proximate result of the said acts of defendant JOHN P. WORREL, in his acting singly, jointly and/or severally and/or in concert with the other named defendants, caused the plaintiff to incur and sustain severe and permanent physical injuries, pain and suffering mental anguish and emotional distress and the defendants did each commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights

59. That as a direct and proximate result of defendant's acts, plaintiff sustained severe and permanent physical injuries, pain and suffering mental anguish and emotional distress.

60. Plaintiff Peter Maini in fact suffered severe physical manifestations of mental and emotional distress as well as permanent bodily injuries and other damages as a result of the outrageous conduct of defendants, in their respective acts, acting jointly and severally and/or in concert with the other two named defendants.

Wherefore, plaintiff Peter Maini demands joint and several judgments against defendant John P. Worrel in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

COUNT FALSE ARREST AGAINST JOSHUA E. ARCHER

61. Plaintiff repeats the allegations set forth in paragraphs 1 through 60 herein.

62. Defendant JOSHUA E. ARCHER acting singly, jointly and/or severally and/or in concert with the other named defendants, caused the plaintiff to incur and sustain severe and permanent physical injuries, pain and suffering mental anguish and emotional distress and the defendants did each commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights and severally falsely imprisoned plaintiff by arresting him and handcuffing him without basis and against his will in an outrageous and unreasonable manner.

Wherefore, plaintiff Peter Maini demands joint and several judgments against defendant JOSHUA E.

15

ARCHER in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

### COUNT FALSE ARREST AGAINT SEAN P. MAHONEY

63. Plaintiff repeats the allegations set forth in paragraphs 1 through 62 herein.

64. Defendant SEAN P. MAHONEY acting singly, jointly and/or severally and/or in concert with the other named defendants, caused the plaintiff to incur and sustain severe and permanent physical injuries, pain and suffering mental anguish and emotional distress and the defendants did each commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights and severally falsely imprisoned plaintiff by arresting him and handcuffing him without basis and against his will in an outrageous and unreasonable manner.

Wherefore, plaintiff Peter Maini demands joint and several judgments against defendant SEAN P. MAHONEY in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

### COUNT FALSE ARREST AGAINT JOHN P. WORREL

63. Plaintiff repeats the allegations set forth in paragraphs 1 through 62 herein.

64. Defendant JOHN P. WORREL acting singly, jointly and/or severally and/or in concert with the other named defendants, caused the plaintiff to incur and sustain severe and permanent physical injuries, pain and suffering mental anguish and emotional distress and the defendants did each commit assault and battery against him, and in so doing using such excessive force violate the plaintiff's rights and severally falsely imprisoned plaintiff by arresting him and handcuffing him without basis and against his will in an outrageous and unreasonable manner.

Wherefore, plaintiff Peter Maini demands joint and several judgments against defendant JOHN P. WORREL in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

## PRAYER FOR RELIEF

## COMPENSATORY DAMAGES

WHEREFORE, plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants JOSHUA E. ARCHER SEAN P. MAHONEY, and JOHN P. WORRE, for their respective actions, acting singly, jointly and/or several, and in concert with each other in such amount as is reasonable and just, plus such costs, attorney fees and interest as he is entitled to by law.

PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY

DATED: JANUARY 28, e2022          Respectfully submitted,

/s/ *Edward John Mulligan* BBO #360480
 50 Park Row, Suite 111, West
Providence, R.I. 02903
email: emulligan4@gmail.com
(401) Tel 453-2950  Fax 4535545